Gene Rowe #3350-6
P.O. Box 5003
Coalinga, CA 93210

In Pro Per

**F I L E D**
CLERK, U.S. DISTRICT COURT

SEP 25 2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ rsm _____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

**5:23-CV-01988-SPG-SK**

Gene Rowe,
       Plaintiff,

Vs.

County of Riverside,
       Defendant.

Case No.:_____

**Civil Rights Complaint Pursuant to 42 U.S.C. §1983 (non-prisoner)**

**Demand for Trial**

## I. JURISDICTION

1. This court has jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. 1343. Federal question jurisdiction arises pursuant to 42 U.S.C. §1983.

## II. VENUE

2. Venue is proper pursuant to 28 U.S.C. §1391 because defendant is in Riverside County.

## III. EXHAUSTION

3. The enactment of the PLRA in 1996 imposed two filing requirements: Filing fees, 28 U.S.C. §1915 and exhaustion of administrative remedies, 42 U.S.C. §1997(e). Both state for "prisoners", that the definition of "prisoner" for the purpose of these provisions of the PLRA is explicit. As used in 28 U.S.C. §1915, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program. In 42 U.S.C. §1997(e) identical language is used. The Sexually Violent Predation Act ("SVPA") provides not for

1   criminal sanctions (Cal. Welf. & Inst. Code §6600), but for the civil commitment of an individual.

2   The Ninth Circuit in <u>Page v Torrey</u> 201 F.3d 1136; holds these two PLRA requirements do not apply

3   to civil commitment or detainees.

4

5                                          **IV. PREMISE**

6   4.  This complaint is in part based on the findings of the Ninth Circuit Court in two cases. <u>Jones v</u>

7       <u>Blanas</u>, 393 F.3d 918 (2004) and <u>King v County of Los Angeles</u>, (9th Cir. 2018) 885 F.3d 548. These

8       cases set the foundation on the conditions of confinement Civil Detainees (SVPA) are to receive in

9       county jails.

10  5.  Related case that have been settled on the same premise: <u>Peter Casey Cruz v. County of Riverside,</u>

11      <u>Hopper v. County of Riverside, et al.</u> & <u>Helmholtz v. County of Riverside, et al.</u>, <u>Randy Rodriguez v.</u>

12      <u>County of Riverside, et al</u>.

13

14                                          **V. PARTIES**

15  6.  Plaintiff, Gene Rowe, who resides at Coalinga State Hospital in Coalinga, California, alleges that his

16      civil rights were violated by the action(s) of the bellow named and or identified entities and

17      individuals. The actions were directed toward this plaintiff while awaiting proceedings under

18      California's SVPA, being detained in the custody of the Riverside County Sheriff's Department, only

19      as a civil detainee, March 15, 2023 thru May 25, 2023.

20  7.  Defendant, County of Riverside, is and was at all times relevant herein, the municipality responsible

21      for the policies giving rise to, and is the moving force behind, the injury(s) alleged by the Plaintiff,

22      which caused the constitutional violation complained of herein, resulting in violation of Plaintiff's

23      Fourteenth Amendment rights under the Eighth Amendment Standard; to be free from cruel and

24      unusual punishment, the right to reasonable, adequate and necessary medical care and treatment,

25      rights protected by the United States Constitution.

26

## VI. STATEMENT OF FACTS

8.  Plaintiff, Gene Rowe, who is a civil detainee under Welf. & Inst. Code 6600 et. seq. was transported from Valley State Prison by the Riverside County Sheriff's Deputies to Robert Presley Detention Center ("RPDC") and was housed in the Riverside County Jail - Robert Presley Detention Center ("RPDC") from March 15, 2023 thru May 25, 2023.

9.  Plaintiff's, who has severe physical disabilities, who under the American's With Disabilities Act ("ADA") is classified as "DPM: Unable to walk" was transfer by the Riverside County Sheriffs' Department from prison to the Riverside County Jail in a non-ADA compliant vehicle which cause Plaintiff to suffer from severe pain during transportation. Plaintiff complained about this to the transportation officers; Deputy Blaj informed Plaintiff that "it wasn't their problem" & "they didn't care".

10. Upon arriving at RPDC the Sheriff's Deputies seized Plaintiff's personal medical devices (Walker, Cane, Orthopedic Shoes).

11. Plaintiff was without any of his necessary ADA Medical devices until his cane was returned to him four (4) days later. Subsequently, Plaintiff's Walker was returned two weeks later, and Plaintiff's Orthopedic Shoes were never returned to him.

12. Plaintiff was left in the "Drunk Tank" for over a 30-hour period during the "Booking" process. This "Drunk Tank" had only a concrete bench in it. Plaintiff was not provided with any mattress nor any bedding materials while he was in this "Drunk Tank". This also caused the Plaintiff to suffer pain for at least a 24 hour period.

13. Plaintiff, after his 30 plus hour stay in the "Drunk Tank", was then housed in a "General Protective Custody" housing unit on the 3rd Floor (3A) which housed both pre-trial and post conviction inmates, who are under the criminal process. Plaintiff remained in this housing unit until his transfer to Coalinga State Hospital.

14. Plaintiff was never housed at Larry Smith Correctional Facility in Banning, in Building 8, section A, know as BCF, were the jail has housed other civil detainees under the Welfare and Institutional Code §6600 (know as SVPs, Sexually Violent Predators). These civil detainees, because they were housed in BCF by themselves, received conditions of confinement that was more considerate than the

criminals detainees received. the Sheriff's Department's Policies and Procedures were also followed at BCF. The Defendant had a chance to house this Plaintiff appropriately, knowing how to house SVPs because the way they housed other SVPs in the past, and due to other law suites filed against this Defendant by other SVPs, made a choice not to house the Plaintiff in accordance to the rights he is entitled too.

15. Defendant failed to house this Plaintiff according to California Penal Codes §§4001 and 4002(a).

16. Defendant also failed to obtain a waiver from the court in accordance to California Penal Code §4002 (b).

17. The 3A floor, was cell living. Plaintiff during his stay in 3A, was housed with criminal detainees and not other civil detainees.

18. While Plaintiff lived in 3A, he had the same dayroom, phone and shower time along with the criminal inmates in 3A. Plaintiff was also offered the same recreation time and visiting times as the criminals in 3A.

19. Plaintiff while he was in 3A, never received any conditions of confinement that would be considered more considerate than the criminal detainees received. Plaintiff's conditions were at best identical to the conditions criminal detainees received.

20. Plaintiff also never was treated according to the Sheriff's Department Policies and Procedure for SVPs.

21. When Plaintiff was transferred to the Housing unit 3A he was forced to walk without any of his necessary medical devices, i.e., Walker, cane, orthopedic shoes, causing him to suffer from severe pain.

22. On March 17th and again on April 10th of 2023, Plaintiff was forced to walk to and from court via the underground tunnels with only a cane. On both dates, Plaintiff was in such severe pain that he requested a nurse, but was denied medical attention. Plaintiff was not allowed to stop and take a break as the tunnel is several blocks long under ground.

23. On April 13, 2023, Plaintiff was transported to the Hospital for medical treatment and testing, again Plaintiff was transported in a non-ADA compliant vehicle causing him to suffer in severe pain during 2 hours of transportation to and from the hospital.

24. On March 25, 2023, Plaintiff was transported from RPDC to Coalinga State Hospital by the Riverside County Sheriffs' Department, who still refused to transport Plaintiff in an ADA compliant vehicle. This was a six (6) plus hour journey in which Plaintiff was forced to suffer in severe pain.

25. After each of these transportation in paragraphs 15 – 17, Plaintiff suffer prolonged trauma for three to four day after.

26. Plaintiff attempted to resolve the transportation issues by discussing this with the transportation deputies were unresponsive to Plaintiff's request to be transported in an ADA compliant vehicle.

27. Plaintiff attempted to resolve this transportation issues via the Grievance Process, but received no response to his Administrative Appeal.

28. Plaintiff received court orders directing to Riverside County Sheriffs' Department to return his Walker and Orthopedic Shoes. Only the Walker was returned to the Plaintiff, the Sheriffs' ignored the courts' order to return Plaintiff's Orthopedic Shoes.

29. Plaintiff was denied his medications to treat his physical and mental health problems while in the custody of the Riverside Sheriffs' Department at RPDC.

30. While in court holding Plaintiff was kept in waist chains and placed in holding cells with criminal inmates.

## VII. CAUSE OF ACTIONS

Cause One:

31. As a direct result of the facts stated above, Defendant County of Riverside, by the actions and inactions of deputies employed by the County through the Sheriff's Department, which are but not limited to: the housing and treatment of the Plaintiff in identical or more restrictive conditions than criminal counterparts and other SVPs; the failure to house with other SVPA detainees as policy dictates; and housed the Plaintiff according to California Penal Codes §§4001, 4002 (a). By the Defendant's past practice and procedures in housing SVPs appropriately, but failing to do so with this Plaintiff, is the moving force in violating the Fourteenth Amendment under the Eighth Amendment Standard set by Jones v Blanas.

Cause Two:

32. As a direct result of the facts stated above, Defendant County of Riverside, by the actions and inactions of deputies employed by the County through the Sheriff's Department, which are but not limited to: the customs and practices of deputies towards the Plaintiff during transportation to court and while in court holding cells. The treatment during transportation at best was identical to his crimial counterparts and totally ignores his ADA disabilities. This is the moving force in violating the Fourteenth Amendment under the Eighth Amendment Standard set by Jones v Blanas.

Cause Three:

33. As a direct result of the facts stated above, Defendant County of Riverside, by the actions and inactions of deputies employed by the County through the Sheriff's Department, which are but not limited to: Plaintiff, during his time in the Riverside County Jail had his ADA disabilities ignored, disregarded, and some were never giving. This cause the Plaintiff severe pain, to which carried on for several months after he left county jail, while at Coalinga State Hospital. This is the moving force of violations of the Americans with Disabilities Act.

## VIII. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests:

1.  Defendant pay compensatory damages of **$15,000**;

2.  Plaintiff be allowed leave to amend complaint when necessary;

3.  The Court appoint counsel for the Plaintiff when the Court deems necessary; and

4.  The Court grant any other relief the Court deems fit and appropriate.

Dated: 7/17/2023

Gene Rowe, Plaintiff, In Pro Per

**IX. VERIFICATION**

I, Gene Rowe, am the Plaintiff in this action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters that are therein state on information and belief, and as to those matters, I believe it to be true.

I declare under the penalty of perjury under the laws of the State of Calif. that the foregoing is true and correct. Executed on 7/17/2023, at Coalinga, California.

Gene Rowe, Plaintiff, In Pro Per

**X. DEMAND FOR TRIAL**

Plaintiff hereby requests a trial on all issues raised in this complaint.

Dated: 7/17/2023

Gene Rowe, Plaintiff

Defendant: (RPDC) Riverside County Jail,
Riverside Hall of Justice
4100 Main St.
Riverside, CA. 92501



Gene Alex Rowe #3350-6
24511 W. Jayne Ave.
Coaling, CA. 93210

SANTA CLARITA CA 913
22 SEP 2023 PM 4 L

Attn: Clerk of the Court
U.S.D.C. Central District of CA.
Edward R. Roybal Federal Building + Courthouse
255 E. Temple St.
Los Angeles 90012

US POSTAGE
FIRST-CLASS MAIL
IMI
quadient
$001.11 ℺
09/22/2023 ZIP 93210
043M31225448

CLERK ... COURT
SEP 2 5 2023
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY